1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5
   Counsel for Plaintiff
6

7

8

9

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  BARBARA ANDERSON, on behalf    )  Case No.:   **SACV13-01747 DOC ( ANx)**
    of herself and all others similarly )
15  situated,                       )
                                     )  **COMPLAINT**
16                    Plaintiffs,    )  <u>**CLASS ACTION**</u>
                                     )
17  v.                               )  [Violations of California's Unfair
                                     )  Competition Law, California Business &
18  THE HAIN CELESTIAL GROUP,        )  Professions Code § 17200 *et seq.*,
    INC., and DOES 1 through 10,     )  California's False Advertising Law,
19  inclusive,                       )  California Business & Professions Code
                                     )  § 17500 *et seq.*, and California's
20                    Defendants.    )  Consumers Legal Remedies Act,
                                     )  California Civil Code § 1750 *et seq.*]
21  ─────────────────────────────────

22              **DEMAND FOR JURY TRIAL**

23

24

25         Plaintiff, by her counsel of record, brings this action on her own behalf and

26  on behalf of all others similarly situated, and alleges the following upon personal

27  knowledge, or where there is not personal knowledge, upon information and belief:

28

- 1 -

**INTRODUCTION**

1.     Food and beverage manufacturers have sought to capitalize on the fast-growing market for natural products, which is now a multi-billion dollar industry.

2.     Unfortunately, not all manufacturers truthfully represent their products.

3.     Instead, some manufactures seek to capture a share of the market by touting their products as "All Natural" when in fact that is not true.

4.     Defendant THE HAIN CELESTIAL GROUP, INC. ("Hain Celestial") is an example of a manufacturer who has sought to exploit the market for natural products by representing that its products are "All Natural."

5.     Hain Celestial manufactures several food products, including a line of "Dream" drink products which include the Sunflower Dream Sunflower Drink Unsweetened (Original) product.  Hain Celestial prominently labels these products as "All Natural" when in fact they contain artificial ingredients.  Moreover, Hain Celestial claims that some of its products contain "Evaporated Cane Juice" when in fact its products do not contain any such juice and instead contain sugars or syrups.

6.     This lawsuit seeks redress on behalf of a nationwide class of consumers who purchased Hain Celestial Products which claimed to be "All Natural" and/or claimed to contain "Evaporated Cane Juice."

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 class members, the proposed class contains at least one class member who is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.

8.     This Court has personal jurisdiction over Defendants because each conducts business in California, intentionally avails itself of the markets and benefits of California through its marketing and sales of the products at issue in

COMPLAINT AND DEMAND FOR JURY TRIAL

California so as to render the exercise of jurisdiction by this Court consistent with traditional notions of fair play and substantial justice, and a substantial part of the acts and omissions giving rise to the claims occurred within California.

9.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that Defendants reside in this judicial district, Defendants have done and continue to do business, and intentionally avail themselves of the markets within this district, and this is a class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district, in Orange County, California.

## **PARTIES**

10.     Plaintiff, BARBARA ANDERSON, is and at all times relevant hereto was a resident and citizen of the State of California.

11.     Defendant THE HAIN CELESTIAL GROUP, INC. is a corporation organized and existing under the laws of the State of Delaware.  Defendant manufactures, markets, and sells its products throughout California and the United States.  Defendant is a leading producer of retail food products, including the products at issue herein.  Defendant sells its food products to consumers through grocery and other retail stores throughout the United States.

12.     At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

13.     Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful

conduct and harm alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

14. Defendant THE HAIN CELESTIAL GROUP, INC. and DOES 1 through 10 are collectively referred to as Defendants.

## FACTUAL ALLEGATIONS CONCERNING
## HAIN CELESTIAL PRODUCTS

15. Within the last four years, Plaintiff purchased some of Defendants' Hain Celestial Products[1], including specifically the Sunflower Dream Sunflower Drink Unsweetened (Original) product.

//

//

//

//

//

//

//

//

[1] The phrase "Hain Celestial Products" as used in this Complaint includes the Sunflower Dream Sunflower Drink Unsweetened (Original) product and the Substantially Similar Products described in paragraphs 44 through 46, below.

16.    The Sunflower Dream Sunflower Drink Unsweetened (Original) product purchased by Plaintiff has the following labels:



COMPLAINT AND DEMAND FOR JURY TRIAL







COMPLAINT AND DEMAND FOR JURY TRIAL

17.  The label of the Sunflower Dream Sunflower Drink Unsweetened (Original) product includes the following representations on the front of the product's package:

**"All Natural"**

18.  The ingredients on the side label of the Sunflower Dream Sunflower Drink Unsweetened (Original) product's package states as follows:

"**INGREDIENTS:** SUNFLOWER BASE (FILTERED WATER, SUNFLOWER KERNELS, SUNFLOWER LECITHIN, CITRIC ACID), TRICALCIUM PHOSPHATE, TAPIOCA STARCH, SEA SALT, XANTHAN GUM, NATURAL FLAVORS, GUAR GUM, CARRAGEENAN, VITAMIN E (D-ALPHA TOCOPHERYL ACETATE), VITAMIN A PALMITATE, FOLIC ACID, VITAMIN D2."

19.  Defendants unlawfully misbranded and falsely, misleadingly and deceptively represented the Sunflower Dream Sunflower Drink Unsweetened (Original) product as "All Natural" despite that it contains non-natural ingredients, including the following artificial or synthetic ingredients: Tricalcium Phosphate, Xanthan Gum, Vitamin A Palmitate, Folic Acid, and Vitamin D2."[2]

20.  The size and placement of ingredients, which appear in smaller print and on the side of each of the Hain Celestial Products' packaging, are in stark contrast to the conspicuous "All Natural" representations, which appear in larger print and in more prominent locations on the packaging.

21.  Reasonable consumers, including Plaintiff, do not have the specialized knowledge necessary to identify ingredients in Hain Celestial Products as being inconsistent with the "All Natural" and "Juice" claims.

22.  A claim that a product is "all natural" is material to a reasonable consumer.

---

[2] Plaintiff reserves the right to amend these allegations if additional investigation or discovery reveals other non-natural ingredients.

23. A reasonable consumer would expect that a product labeled as "All Natural" does not contain any artificial, synthetic or extensively processed ingredients.

24. This expectation of a reasonable consumer is consistent with the common use of the word "natural" as well as with the views of the federal government and its agencies.

25. The Food and Drug Administration ("FDA") has repeatedly stated its policy to restrict the use of the term "natural" in connection with added color, synthetic substances and flavors addressed in 21 C.F.R. § 101.22.

26. 21 C.F.R. § 101.22 distinguishes between artificial versus natural foods, spices, flavorings, colorings, and preservatives on food labels. Any coloring or preservative can preclude the use of the term "natural" even if the coloring or preservative is derived from natural sources.

27. The Food and Drug Administration ("FDA") has repeatedly affirmed its policy through guidelines that define the appropriate boundaries for using the term "natural." According to the FDA:

> "The agency will maintain its current policy … not to restrict the use of the term 'natural' except for added color, synthetic substances, and flavors as provided in § 101.22. Additionally, the agency will maintain its policy … regarding the use of 'natural' as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food. Further … the agency will continue to distinguish between natural and artificial flavors as outlined in § 101.22." 58 Federal Register 2302, 2407 (Jan. 6, 1993).

//

//

28.     The FDA Compliance Policy Guide Sec. 587.100 further provides that: "The use of the words 'food color added,' 'natural color,' or similar words containing the term 'food' or 'natural' may be erroneously interpreted to mean the color is a naturally occurring constituent in the food.  Since all added colors result in an artificially colored food, we would object to the declaration of any added color as 'food' or 'natural.'"

29.     Additionally, some of Defendants' Hain Celestial Products contain ingredients from otherwise natural sources that have been extensively processed.  As an example, "Evaporated Cane Juice" is the end product of sugar cane being extensively processed.  Some manufacturers of so-called "Evaporated Cane Juice" add synthetic substances such as Phosphoric Acid and/or Calcium Hydroxide to extract cane syrup prior to evaporation.  Phosphoric Acid and Calcium Hydroxide are both synthetic ingredients.

30.     Moreover, Defendants' Hain Celestial Products which claim to contain "Evaporated Cane Juice" are misbranded, as well as false and misleading, because they do not actually contain "Juice" but instead contain sugar or syrup derived from sugar.

31.     21 C.F.R. § 120.1 defines "juice" as "the aqueous liquid expressed or extracted from one or more fruits or vegetables…."

32.     21 C.F.R. § 168.130, requires that "the liquid food derived … of the juice of sugarcane … or by solution in water of sugarcane concentrate made from such juice" shall go by the name "cane sirup" or "sugar cane sirup."  Alternatively, the word "sirup" may be spelled "syrup."  *Ibid.*

33.     Federal regulations instruct that ingredients must be described by their common or usual names, 21 C.F.R. § 101.4(a)(1), and not by a name that is "confusingly similar to the name of any other food that is not reasonably encompassed within the same name," 21 C.F.R. § 102.5(a), (d).

//

34.     The FDA has indicated that the use of the term "cane juice" is false and misleading, since it is not actually "juice" but sugar or syrup derived from sugar. See FDA Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Draft Guidance, October 2009.

35.     In its guidance to the food industry, the FDA explained, among other things, as follows:

> "[T]he term 'evaporated cane juice' has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup.  However, FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as 'evaporated cane juice' because that term falsely suggests that the sweeteners are juice [].

> 'Juice' is defined by 21 CFR 120.1(a) as 'the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree….'

> As provided in 21 CFR 101.4(a)(1), 'Ingredients required to be declared on the label or labeling of a food … shall be listed by common or usual name….'  The common or usual name for an ingredient is the name established by common usage or by regulation (21 CFR 102.5(d)).  The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be 'confusingly similar to the name of any other food that is not reasonably encompassed within the same name' (21 CFR 102.5(a)).

> Sugar cane products exist in many different forms, ranging from raw sugars and syrups to refined sugar and molasses.  These products are differentiated by their moisture, molasses, and sucrose content as well as by crystal size and any special treatments (e.g., treatment with sulfur).  Sugar cane products with common or usual names defined by regulation are sugar (21 CFR 101.4(b)(20)) and cane sirup (alternatively spelled 'syrup') (21 CFR 168.130).  Other sugar cane products have common or usual names established by common usage (e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar)….

COMPLAINT AND DEMAND FOR JURY TRIAL

The intent of this draft guidance is to advise the regulated industry of FDA's view that the term 'evaporated cane juice' is not the common or usual name of any type of sweetener, including dried cane syrup. Because cane syrup has a standard of identity defined by regulation in 21 CFR 168.130, the common or usual name for the solid or dried form of cane syrup is 'dried cane syrup.'

Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as 'evaporated cane juice.' FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5." See FDA Guidance for Industry: Ingredients Declared as Evaporated Cane Juice; Draft Guidance, October 2009.

36. Because Defendants' Hain Celestial Products, which claim to contain "Evaporated Cane Juice" are false and misleading, and misbranded, they have no value as a matter of law.

37. Defendants engaged in an extensive and long-term advertising campaign labeling and otherwise marketing their Hain Celestial Products, including the Sunflower Dream Sunflower Drink Unsweetened (Original) product, as "All Natural" when, in fact, they are not "All Natural."

38. Plaintiff purchased certain Hain Celestial Products, including specifically the Sunflower Dream Sunflower Drink Unsweetened (Original) product, in reliance on Defendants' representations and omissions on the products' labels that the products were "All Natural."

39. Plaintiff reasonably and justifiably relied on the "All Natural" representations on Hain Celestial Products, including specifically the Sunflower Dream Sunflower Drink Unsweetened (Original) product, and based her decision to purchase such product in substantial part on such representations.

40. Plaintiff also reasonably assumed that the Hain Celestial Products were not misbranded and were legal to offer for sale and to purchase.

41.   Plaintiff was misled and deceived by Defendants' misbranded products and label representations and would not have purchased the Sunflower Dream Sunflower Drink Unsweetened (Original) product, in the absence of the foregoing "All Natural" representations and omissions.

42.   Plaintiff relied on Defendants' misbranded labels and false, misleading and deceptive labeling claims and omissions and suffered injury in fact and a loss of money with each purchase of Defendants' Hain Celestial Products.

43.   As a result of Defendants' misbranding and false, misleading and deceptive labeling claims and omissions, consumers such as Plaintiff did not receive the benefit of their bargain when they purchased Hain Celestial Products.  They each paid money for a product(s) that is misbranded (and therefore has no value as a matter of law), and is not what it claims to be or what they bargained for.  They also paid a premium for the Hain Celestial Products and lost the opportunity to purchase and consume other, truly all natural foods.

44.   In addition to the Sunflower Dream Sunflower Drink Unsweetened (Original) product, Defendants also misbranded and misrepresented other substantially similar Hain Celestial products ("Substantially Similar Products"). Each of the Substantially Similar Products makes the same label misrepresentations and violates the same California Sherman Food, Drug, And Cosmetic Law, California Health & Safety Code § 109875 *et seq.*, laws as the Sunflower Dream Sunflower Drink Unsweetened (Original) product.

45.   The Substantially Similar Products include the following Hain Celestial products labeled as "All Natural:"

- Sunflower Dream Sunflower Drink (Original);
- Almond Dream Almond Drink (Vanilla);
- Almond Dream Almond Drink Unsweetened (Vanilla);
- Almond Dream Almond Drink (Original);
- Almond Dream Almond Drink Unsweetened (Original);

- 12 -

1    • Coconut Dream Coconut Drink (Vanilla);

2    • Coconut Dream Coconut Drink (Original); and

3    • Coconut Dream Coconut Drink Unsweetened (Original).

4    46.    The Substantially Similar Products include the following Hain Celestial

5    products labeled as containing "Evaporated Cane Juice":

6    • Coconut Dream Coconut Drink (Vanilla)

7    • Coconut Dream Coconut Drink (Original)

8    47.    Plaintiff reserves the right to add additional products to the lists of

9    Substantially Similar Products set forth in paragraphs 45 and 46, above, based upon

10   additional investigation or discovery.

11   48.    Defendants know that consumers are willing to pay for all natural

12   products.  Defendants advertise the Hain Celestial Products with the intention that

13   consumers rely on the affirmative misrepresentations of fact on their labeling that

14   the products are "All Natural."  Further, Defendants' omissions of the material fact

15   that the products include ingredients that are not "All Natural," but instead contain

16   artificial, synthetic or extensively processed ingredients, are likely to deceive

17   reasonable consumers.

18   49.    Defendants know that the Hain Celestial Products, including the

19   Sunflower Dream Sunflower Drink Unsweetened (Original) product, are

20   misbranded and that their labeling claims and omissions are false, misleading,

21   deceptive, and likely to deceive reasonable consumers.

22   50.    Yet, Defendants have engaged and continue to engage in their

23   misbranding and with their misrepresentations of fact and omissions of fact in

24   furtherance of their motive to sell and profit from the Hain Celestial Products on the

25   backs and at the expense of consumers and the consuming public.

26   //

27

28   //

## **CLASS ACTION ALLEGATIONS**

51.    Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

52.    The class ("Class") which Plaintiff seeks to represent is defined as:

> All persons in the United States who, within four years from the date of filing this action, purchased any of the Hain Celestial Products which: (1) was labeled "All Natural" but contains artificial or synthetic ingredients and/or (2) contains the ingredient labeled as "Evaporated Cane Juice."[3]

53.    Excluded from the Class are Defendants and their directors, officers and employees.

54.    Numerosity (Fed. R. Civ. P. 23(a)(1)):  The Class is so numerous that joinder of all individual members in one action would be impracticable.   The disposition of their claims through this class action will benefit both the parties and this Court.

55.    Plaintiff is informed and believes and thereon alleges that there are, at a minimum, many thousands, or millions, of members that comprise the Class.

56.    Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and or appropriate by the Court.

57.    Common Questions of Fact and Law (Fed. R. Civ. P. 23(a)(2) and (b)(3)):  There are a well-defined community of interest and common questions of fact and law affecting the members of the Class.

---

[3] Plaintiff reserves the right to amend or otherwise modify the Class definition and/or add subclasses.

COMPLAINT AND DEMAND FOR JURY TRIAL

58.     The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

(a)     Whether Defendants' "All Natural" representations are unlawful, unfair, deceptive, untrue or misleading;

(b)     Whether Defendants' "Evaporated Cane Juice" representations are unlawful, unfair, deceptive, untrue or misleading;

(c)     Whether Defendants violated California Business and Professions Code § 17200 *et seq.*;

(d)     Whether Defendants violated California Business and Professions Code § 17500 *et seq.*;

(e)     Whether Defendants violated California Civil Code § 1750 *et seq.*; and

(f)     The relief, including injunctive and other equitable relief, to which Plaintiff and the Class are entitled.

59.     Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire Class.  Plaintiff and all Class members each bought one or more of Defendants' products which are at issue in this case.  The claims of Plaintiff and members of the CLASS are based on the same legal and remedial theories and arise from the same unlawful conduct.

60.     Adequacy of Representation (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

61.     Superiority (Fed. R. Civ. P. 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages which may be and if awarded to the Class are

1  likely to be substantial, the actual economic damages suffered by individual
2  members of the Class are likely relatively small. As a result, the expense and
3  burden of individual litigation makes it economically infeasible and procedurally
4  impracticable for each member of the Class to individually seek redress for the
5  wrongs done to them. The likelihood of individual Class members prosecuting
6  separate claims is remote. Plaintiff does not know of any other litigation already
7  commenced by or against any member of the Class concerning Defendants' conduct
8  at issue in this case. Individualized litigation would also present the potential for
9  varying, inconsistent or contradictory judgments, and would increase the delay and
10 expense to all parties and the court system resulting from multiple trials of the same
11 factual issues. In contrast, the conduct of this matter as a class action presents fewer
12 management difficulties, conserves the resources of the parties and the court system,
13 and would protect the rights of each member of the Class. Plaintiff knows of no
14 difficulty to be encountered in the management of this action that would preclude its
15 maintenance as a class action.

16     62.   Injunctive or Declaratory Relief  (Fed. R. Civ. P. 23(b)(2)):  A class
17 action is also appropriate because Defendants have acted or refused to act on
18 grounds that apply generally to the Class, so that final injunctive relief or
19 corresponding declaratory relief is appropriate respecting the Class as a whole.

20

21                    **FIRST CAUSE OF ACTION**
22          **For Violation of California's Unfair Competition Law,**
23         **California Business & Professions Code § 17200 *et seq.***
24            **(On Behalf of Plaintiff and the Class as against**
25             **all Defendants including DOES 1 through 10)**
26     63.   Plaintiff hereby incorporates by reference the allegations contained in
27 this Complaint.

28

64.     Plaintiff asserts this claim on behalf of herself and the Class as against Defendants and each of them.

65.     "California's unfair competition law (UCL) (§ 17200 *et seq.*) defines 'unfair competition' to mean and include 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law (§ 17500 *et seq.*)].'"  *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002).

66.     "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services."  *Kasky*, 27 Cal.4th at 949.

67.     Defendants have violated the UCL in several of the following ways, each of which are independently actionable:

**Unlawful (Sherman Law Misbranding Violations)**

68.     Defendants' conduct of labeling, advertising and otherwise representing its products as "All Natural" and/or containing "Evaporated Cane Juice" is unlawful and constitutes misbranding under the Sherman Food, Drug, And Cosmetic Law, California Health & Safety Code § 109875 *et seq.* (the "Sherman Law").

69.     California's Sherman Law adopts, incorporates – and is identical – to the relevant provisions of the federal Food Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA").[4]

70.     The Sherman Law expressly states that "Any food is misbranded if its labeling is false or misleading in any particular."  California Health & Safety Code § 110660.[5]

_____

[4] Through the Sherman Law, California has also adopted all federal food labeling regulations as its own: "All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act … shall be the food labeling regulations of this state."  California Health & Safety Code § 110100.  "'Federal act' means the federal Food, Drug, and Cosmetic Act, as amended (21 U.S.C. Sec. 301 *et seq.*)."  California Health & Safety Code § 109930.

[5] Identical to FDCA 21 U.S.C. § 343(a).

71.    The Sherman Law also provides that "Any food is misbranded if any word, statement, or other information required pursuant to this part to appear on the label or labeling is not prominently placed upon the label or labeling with conspicuousness, as compared with other words, statements, designs, or devices in the labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use."  California Health & Safety Code § 110705.[6]

72.    The Sherman Law expressly states that "Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact."  California Health & Safety Code § 110740.[7]

73.    The Sherman Law also provides that a food is misbranded if its label does not clearly state "the common or usual name of the food" or "the common or usual name of each ingredient."  California Health & Safety Code §§ 110720. 110725.[8]

74.    Misbranded food is unlawful and has no value as it may not be manufactured, delivered, held, offered for sale, or otherwise received in commerce.

75.    "It is unlawful for any person to misbrand any food." California Health & Safety Code § 110765.

76.    "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded."  California Health & Safety Code § 110760.

77.    "It is unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food."  California Health & Safety Code § 110770.

---

[6] Identical to FDCA 21 U.S.C. § 343(f).

[7] Identical to FDCA 21 U.S.C. § 343(k).

[8] Identical to FDCA 21 U.S.C. § 343(g); and 21 C.F.R. § 101.4(a)(1), 21 C.F.R. § 102.5(a), (d).

78.     Defendants manufactured, delivered, held, offered for sale, sold and/or otherwise received into commerce their misbranded products.

79.     Defendants sold their misbranded products within California and throughout the United States.

80.     As a result of Defendants' conduct, Plaintiff and Class members purchased misbranded products which have no value and are not saleable, as a matter of law, and Plaintiff and Class members suffered injury in fact and lost money or property as a result of Defendants' conduct.

**Unlawful (Other Violations)**

81.     In addition to Defendants' misbranding violations set forth above, Defendants have also violated the UCL by violating other laws including, but not limited to, the following:

82.     Defendants' conduct violates the advertising prohibitions under the Sherman Law, California Health & Safety Code §§ 110390, 110395, 110398 and 110400.

83.     Defendants' conduct violates California's False Advertising Law, California Business & Professions Code § 17500 *et seq.*

84.     Defendants' conduct violates California's Consumers Legal Remedies Act., California Civil Code § 1750 *et seq.*

**Unfair**

85.     Defendants' conduct is unfair under the UCL because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and the Class.   Defendants' conduct undermines and violates the spirit and policies underlying the Sherman Law, the False Advertising Law, and the Consumers Legal Remedies Act.   There is no legitimate utility of Defendants' conduct, let alone any that would outweigh the harm to Plaintiff and the Class.

COMPLAINT AND DEMAND FOR JURY TRIAL

86.    Plaintiff and Class members did not know and, as reasonable consumers had no way of reasonably knowing that the products were misbranded and were not properly marketed, advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of them suffered.

**Fraudulent**

87.    Defendants' conduct is also fraudulent under the UCL because it is likely to deceive reasonable consumers.

**Unfair, Deceptive, Untrue or Misleading Advertising**

88.    As described herein, Defendants' conduct also violates the UCL because the conduct constitutes unfair, deceptive, untrue and/or misleading advertising.

**Relief Sought**

89.    As a result of Defendants' conduct and violations of the UCL, Plaintiff and Class members suffered injury in fact and lost money or property.

90.    Defendants' conduct is ongoing and, unless restrained, likely to recur.

91.    Plaintiff, on behalf of herself and Class members, seeks equitable relief requiring Defendants to refund and restore to Plaintiff and all Class members all monies they paid for the Hain Celestial Products, and injunctive relief prohibiting Defendants from engaging in the misconduct described herein.

## SECOND CAUSE OF ACTION

**For Violation of California's False Advertising Law,**

**California Business & Professions Code § 17500 *et seq.***

**(On Behalf of Plaintiff and the Class as against**

**all Defendants including DOES 1 through 10)**

92.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

93.    Plaintiff asserts this claim on behalf of herself and the Class as against Defendants and each of them.

94.    Both the UCL and California's False Advertising Law prohibit "'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.' [Citation.] Thus, to state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, 'it is necessary only to show that `members of the public are likely to be deceived.'"" *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002).

95.    As stated in this Complaint, Defendants publicly disseminated untrue or misleading advertising or intended not to sell Hain Celestial Products as advertised in violation of California Business & Professional Code § 17500 *et seq.*, by, *inter alia*:

(a)    Representing that Hain Celestial Products are "All Natural," when they are not; and

(b)    Misrepresenting that Hain Celestial products contain "Evaporated Cane Juice."

96.    Defendants committed such violations of the False Advertising Law with actual knowledge or in the exercise of reasonable care should have known the representations were untrue or misleading.

97.    As a result of Defendants' conduct and violations of the UCL, Plaintiff and Class members suffered injury in fact and lost money or property.

98.    Defendants' conduct is ongoing and, unless restrained, likely to recur.

99.    Plaintiff, on behalf of herself and Class members, seeks equitable relief requiring Defendants to refund and restore to Plaintiff and all Class members all monies they paid for the Hain Celestial Products, and injunctive relief prohibiting Defendants from engaging in the misconduct described herein.

**THIRD CAUSE OF ACTION**

**For Violation of California's Consumers Legal Remedies Act,**

**California Civil Code § 1750 *et seq.***

**(On Behalf of Plaintiff and the Class as against**

**all Defendants including DOES 1 through 10)**

100.   Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

101.   Plaintiff asserts this claim on behalf of herself and the Class as against Defendants and each of them.

102.   Defendants' representations, omissions and conduct have violated, and continue to violate California's Consumers Legal Remedies Act ("CLRA"), because they extend to transactions that are intended to result, or which have resulted, in the sale of goods to consumers, including Plaintiff and the Class.

103.   Defendants' conduct violates the CLRA, Civil Code § 1770(a)(5) which prohibits "Representing that goods or services have … characteristics, ingredients, uses, benefits, or quantities which they do not have."

104.   Defendants' conduct violates the CLRA, Civil Code § 1770(a)(7) which prohibits "Representing that goods or services are of a particular standard, quality, or grade … if they are of another."

105.   Defendants' conduct violates the CLRA, Civil Code § 1770(a)(9) which prohibits "Advertising goods … with intent not to sell them as advertised."

106.   Defendants' conduct violates the CLRA, Civil Code § 1770(a)(16) which prohibits "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

107.   Defendants' Hain Celestial Products are "goods" within the meaning of Civil Code §§ 1761(a) and 1770.

108.   Plaintiff and Class members are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770.

COMPLAINT AND DEMAND FOR JURY TRIAL

109. Each purchase of Defendants' Hain Celestial Products by Plaintiff and each Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

110. Defendants' conduct is ongoing and, unless restrained, likely to recur.

111. Plaintiff, on behalf of herself and Class members, seeks injunctive relief prohibiting Defendants from engaging in the misconduct described herein.

112. No relief of any kind, other than injunctive relief, is currently sought pursuant to this CLRA cause of action.

113. No damages of any kind are currently sought pursuant to this CLRA cause of action.

114. The CLRA Civil Code § 1782(d) states in pertinent part as follows:

"An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a) [notice requirement]. Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a) [notice requirement], the consumer may amend his or her complaint without leave of court to include a request for damages."

115. The CLRA, Civil Code § 1782(a), states as follows:

"(a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:

(1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

(2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.

The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the

transaction occurred or to the person's principal place of business within California."

116. Pursuant to Civil Code § 1782(a), Plaintiff will provide THE HAIN CELESTIAL GROUP, INC. with notice of its CLRA violations by certified mail return receipt requested. If Defendant THE HAIN CELESTIAL GROUP, INC. fails to provide appropriate relief for the CLRA violations, Plaintiff will amend this Complaint to seek monetary damages (compensatory, punitive, etc.) and other relief under the CLRA on behalf of Plaintiff and the Class.

117. Defendant THE HAIN CELESTIAL GROUP, INC. may be provided the notice specified in Civil Code § 1782(a) by sending such notice to THE HAIN CELESTIAL GROUP, INC., c/o Corporation Service Company Which Will Do Business In California As CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Ste. 150N, Sacramento CA 95833.

118. Attached hereto is the venue declaration required by CLRA, Civil Code § 1780(d).[9]

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

2. Equitable relief requiring Defendants to refund and restore to Plaintiff and all Class members all monies they paid for the Hain Celestial Products;

3. Injunctive relief prohibiting Defendants from engaging in the misconduct described herein;

4. An award of attorney's fees;

5. An award of costs;

---

[9] A declaration may be used in lieu of an affidavit. California Code of Civil Procedure § 2015.5.

6.    An award of interest, including prejudgment interest; and

7.    For such other and further relief as the Court may deem proper.

DATED:  October 25, 2013        CHANT & COMPANY
                                A Professional Law Corporation


                                By_____
                                     Chant Yedalian
                                Counsel For Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

DATED:  October 25, 2013        CHANT & COMPANY
                                A Professional Law Corporation


                                By_____
                                     Chant Yedalian
                                Counsel For Plaintiff

1

## DECLARATION BY PLAINTIFF BARBARA ANDERSON

2     I, BARBARA ANDERSON, hereby declare that:

3     1.    I have personal knowledge of the following facts stated in this

4  Declaration and could competently testify thereto if called upon to do so.

5     2.    I am a named Plaintiff in this case.

6     3.    I purchased the Sunflower Dream Sunflower Drink Unsweetened

7  (Original) product, which is shown in paragraph 16 of the attached Complaint, in

8  Orange County, California.

9

10    I declare under penalty of perjury under the laws of the State of California

11  and the United States of America that the foregoing Declaration is true and correct,

12  and was executed by me in the City of *Huntington Beach*, Orange

13  County, California, on *October 25, 2013*            .

14

15

           BARBARA ANDERSON

16           Declarant

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

BARBARA ANDERSON, on behalf of herself and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

THE HAIN CELESTIAL GROUP, INC., and DOES 1 through 10, inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Chant Yedalian, State Bar No. 222325 , (chant@chant.mobi)
CHANT & COMPANY A PROFESSIONAL LAW CORPORATION
1010 N. Central Ave., Glendale, CA 91202
Phone: 877.574.7100, Fax: 877.574.9411

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(d); Class action/food labeling violations

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-01747 DOC ( ANx)**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes   ☒ No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C:  Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right.  ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | SOUTHERN DIVISION |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐  A. Arise from the same or closely related transactions, happenings, or events; or

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

## X. SIGNATURE OF ATTORNEY
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 10/25/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____David O. Carter_____ and the assigned Magistrate Judge is _____Arthur Nakazato_____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-01747 DOC ( ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 5, 2013
_____
Date

By __Maria Barr_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---