UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA ANDERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant. | Case No. 5:14-cv-03895-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

Plaintiff Barbara Anderson ("Plaintiff") bought one of Defendant The Hain Celestial Group, Inc.'s ("Defendant") products because she thought, based on the front label, that it was "all natural." It apparently was not. She now brings this purported class action asserting violations of California's consumer protection statutes. See Docket Item No. 41. Defendant moves to dismiss the First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes the motion.

Federal jurisdiction arises pursuant to § 1332(d)(2). The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the associated hearing. Having carefully considered the parties' pleadings, the court has determined that this motion only partially succeeds. Thus, it will be granted in part and denied in part for the reasons explained below.

1

Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

## I. BACKGROUND

On an unspecified date in 2013, Plaintiff purchased one of Defendant's products, Sunflower Dream Sunflower Drink Unsweetened (Original) ("Sunflower Dream Drink"). See FAC, Docket Item No. 38, at ¶ 15. The Sunflower Dream Drink's front packaging label includes the statement "All Natural." According to Plaintiff, she purchased the product in reliance on the statement. Id. at ¶¶ 17, 37.

However, on another unspecified date, Plaintiff somehow discovered that Defendant "unlawfully misbranded and falsely, misleadingly and deceptively" represented in marketing and labeling that the Sunflower Dream Drink was "all natural" when, in fact, it contains "the following artificial or synthetic ingredients: Tricalcium Phosphate, Xanthan Gum, Vitamin A Palmitate, Folic Acid, and Vitamins D2." Id. at ¶ 19. Since the list of these ingredients appears on the side of the package and in a font much smaller than the "All Natural" statement, Plaintiff believes the label is misleading to reasonable consumers who "do not have the specialized knowledge necessary to identify ingredients . . . as being inconsistent with the 'All Natural' claims." Id. at ¶¶ 20-21. To that end, Plaintiff alleges that a reasonable consumer "would expect that a product labeled 'All Natural' does not contain any artificial, synthetic or extensively processed ingredients." Id. at ¶ 23.

As a result of the misbranding, Plaintiff alleges consumers like her who purchased the Sunflower Dream Drink and other "substantially similar Hain Celestial Products"[1] did not receive the benefits of their bargains. Id. at ¶ 42. She commenced this action in the Central District of California on November 5, 2013. The case was transferred to this court on August 28, 2014, and eventually assigned to the undersigned.

After Defendant moved to dismiss the original complaint, Plaintiff filed the FAC on

---

[1] Plaintiff defines "Substantially Similar Products" to include Sunflower Dream Sunflower Drink (Original), Almond Dream Almond Drink (Vanilla), Almond Dream Almond Drink Unsweetened (Vanilla), Almond Dream Almond Drink (Original), Almond Dream Almond Drink Unsweetened (Original), Coconut Dream Coconut Drink (Vanilla), Coconut Dream Coconut Drink (Original), and Coconut Dream Coconut Drink Unsweetened (Original). See FAC, at ¶ 44.

2
Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1  November 24, 2014.  She seeks to represent a class of "[a]ll persons in the United States who,

2  after November 4, 2009, purchased any of the Hain Celestial Products which was labeled 'All

3  Natural.'"  Plaintiff asserts the following causes of action: (1) violation of the Unfair Competition

4  Law ("UCL"), California Business and Professions Code § 17200 et seq., (2) violation of the False

5  Advertising Law ("FAL"), California Business and Professions Code § 17500 et seq., (3) and

6  violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence.  Id.  When, as here, a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself.  Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

3

Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

Claims that sound in fraud are subject to a heightened pleading standard. Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'"). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). This generally requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764. In other words, fraud or claims asserting fraudulent conduct must generally contain more specific facts than is necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

**III.   DISCUSSION**

Through a facial Rule 12(b)(1) challenge, Defendant argues that Plaintiff lacks standing to assert claims based on any of the "substantially similar products," and also contests Plaintiff's

4

Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

standing to assert a claim for injunctive relief. Under Rule 12(b)(6), Defendant argues that Plaintiff's theory based on the "All Natural" label is implausible, and even if plausible, there is insufficient factual matter to meet the heightened pleading standard required by Rule 9(b). A thorough review of the FAC reveals that only one of these arguments is meritorious.

### A. Standing for Unpurchased Products

As noted, Plaintiff alleges in the FAC that she purchased only one of Defendant's products, the Sunflower Dream Drink, but then discusses an additional list of "substantially similar products" that she believes contain the same misleading "All Natural" label. Her class definition also signifies an intention to represent class members who purchased those "substantially similar products." Defendant argues that Plaintiff does not have standing to assert California consumer protection claims for products she did not purchase. Plaintiff disagrees.

The inquiry critical to any standing issue is "'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Allen v. Wright, 468 U.S. 737, 750-51 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Standing under Article III of the Constitution has three basic elements: (1) an "injury in fact," which is neither conjectural or hypothetical, (2) causation, such that a causal connection between the alleged injury and offensive conduct is established, and (3) redressability, or a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element, "the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979).

"In a class action, standing is satisfied if at least one of named plaintiff[s] meets the requirements." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (citing Armstrong v. Davis, 275 F.3d 849, 860 (9th Cir. 2001)). The class action plaintiff "bears the burden of showing that he has standing for each type of relief sought." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009).

Consistent with Article III, California's consumer protection statutes require that a false-labeling plaintiff show some type of actual injury from the product containing the identified misrepresentation. Thus, "[t]o establish standing under the UCL, FAL, and CLRA a person must have 'suffered injury in fact and ha[ve] lost money or property as a result.'" Salazar v. Honest Tea, Inc., No. 2:13-cv-02318-KJM-EFB, 2014 U.S. Dist. LEXIS 83164, at *22-23, 2014 WL 2593601 (E.D. Cal. June 10, 2014) (citing Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780). The phrase "as a result" means "caused by" and requires, at the pleading stage, that Plaintiff allege a causal connection or reliance on the alleged misrepresentation. Kwikset v. Super. Ct., 51 Cal. 4th 310, 326 (2011).

This court has previously recognized the split in district courts "as to whether actual purchase is required to establish the requisite injury-in-fact," but has adopted at the dismissal stage an approach which examines the extent of alleged product similarity in order to determine whether the claims may proceed past a motion to dismiss. Smedt v. Hain Celestial Group, Inc., No. 5:12-CV-03029-EJD, 2014 U.S. Dist. LEXIS 74291, at *19, 2014 WL 2466881 (N.D. Cal. May 30, 2014). Products are "substantially similar" if "the resolution of the asserted claims will be identical between the purchased and unpurchased products." Ang v. Bimbo Bakeries USA, Inc., No. 13-cv-01196-WHO, 2014 U.S. Dist. LEXIS 34443, at *28, 2014 WL 1024182 (N.D. Cal. March 13, 2014). So long as the plaintiff has alleged sufficient facts to show that the common misleading feature of both purchased and unpurchased similar products can be adjudged without a "context-specific analysis of each product's label," then a defendant's motion to dismiss challenging the plaintiff's standing to assert claims based on the unpurchased products can be overcome. Id. at *28-29.

Here, while Plaintiff accuses eight products she did not buy, she has adequately described in the FAC a similar misleading feature between the "substantially similar products" and the one she actually purchased. Plaintiff alleges and demonstrates with photographs that, like the Sunflower Dream Drink, the other "Dream" line flavors contain the same "All Natural"

6

Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

...

misrepresentation in a similar location on the front label, but also contain artificial, synthetic or extensively processed ingredients. Those allegations, and not other competing images referenced by Defendant, must be accepted as true for this motion.[2] Accordingly, due to the extent of the similarity between the products, a resolution of whether or not the "All Natural" label placed on the Sunflower Dream Drink violates the UCL, FAL and CLRA will also result in a resolution of the same claims asserted against the "substantially similar products." Plaintiff therefore has pled sufficient facts to demonstrate standing.

While a different result may be obtained on a motion for class certification, Defendant's motion to dismiss claims based on unpurchased "substantially similar products" will be denied.

### B. Standing for Injunctive Relief

In the FAC, Plaintiff seeks an injunction prohibiting Defendant from "engaging in the misconduct described," which misconduct the court presumes is using an "All Natural" label on a product that includes ingredients which are not naturally occurring. Defendant argues that Plaintiff has not and cannot demonstrate Article III standing for that type of prospective injunctive relief because, now aware of the Sunflower Dream Drink's ingredients, she will not rely on the product's "All Natural" label in the future. Thus, Defendant believes there is no chance of future harm and no need for an injunction.

Generally, "[p]ast exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010). Instead, "[t]o establish Article III standing, a plaintiff must show inter alia that he faces imminent injury on account of the defendant's conduct." Id. Furthermore, in the context of a class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking

---

[2] The court does not consider on a motion to dismiss the website images cited by Defendant because they are neither directly relied upon in the FAC nor subject to judicial notice. Even if they were considered, they would still be of no assistance to Defendant because "[c]onflicts in the evidence must be resolved after discovery and trial, not on a motion to dismiss." Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 818 n.15 (9th Cir. 2007) (Kozinski, J., dissenting).

7
Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

that relief." Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir. 1999).

Recognizing the realities inherent in the false labeling factual scenario, some courts in this district have dismissed claims for injunctive relief because the representative plaintiff's alleged injury will not be repeated; in other words, having become aware of the mislabeling, there is "no danger that [the plaintiff] will be misled in the future." Garrison v. Whole Foods Mkt. Grp., Inc., No. 13-cv-05222-VC, 2014 U.S. Dist. LEXIS 75271, at *20, 2014 WL 2451290 (N.D. Cal. June 2, 2014) (Chhabria, J.); Morgan v. Wallaby Yogurt Co., No. 13-cv-00296-WHO, 2014 U.S. Dist. LEXIS 34548, at *19-20, 2014 WL 1017879 (N.D. Cal. Mar. 13. 2014) (Orrick, J.). In contrast, some courts have found otherwise based on the premise that "denying standing in false advertising cases would 'eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief.'" Lanovaz v. Twinings N. Am., Inc., No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639, at *31, 2014 WL 46822 (N.D. Cal. Jan. 6. 2014) (Whyte, J.) (quoting Koehler v. Litehouse, Inc., No. CV 12-04055 SI, 2012 U.S. Dist. LEXIS 176971, at *16-17, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012)).

While the court is certainly cognizant of the important state interest underlying California's consumer protection statutes, it almost goes without saying that such an interest can never overcome a constitutional standing prerequisite. Potential "evisceration" of the intent underlying a statutory scheme may be unfortunate, but it is not a valid reason to confer standing in federal court when the paramount constitutional obligation is otherwise left unsatisfied. This court therefore concurs with those district courts that have required a false-labeling plaintiff to demonstrate potential repetition of harm in order to demonstrate Article III standing for injunctive relief. Here, Plaintiff does not allege that she will re-purchase any of Defendant's "Dream" line products. Indeed, such an allegation would be implausible if read with the other allegations. Since Plaintiff now knows that Defendant's "Dream" line products are not "natural" enough for her, she is unlikely to purchase those products again considering her alleged desire to purchase only products

8

Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

without artificial, synthetic or extensively processed ingredients. Thus, there is no opportunity for Plaintiff to lose the benefit of her bargain once again, and she does not have standing to assert a claim for injunctive relief.

Plaintiff's arguments in support of standing are unpersuasive. As already explained, any provisions for injunctive relief enacted by the California legislature are not sufficient to confer standing under the Constitution. And the court disagrees that the dismissal of injunctive relief from this case will result in the "perverse outcome of allowing an offender to continue its conduct unchecked unless suit is pursued in state court instead of federal court." For good reason, federal courts and state courts are distinct venues and, with some overlap, preside over distinct types of legal disputes. Preserving the difference between the two systems by enforcing the need for a plaintiff to demonstrate constitutional standing in federal court is not perverse. If this means that Plaintiff must pursue parallel litigation, then so be it. Both court systems exist so that all varieties of claims have a forum for adjudication.

In addition, Plaintiff has not presented a viable reason to permit her leave to assert further standing allegations. The fact that Plaintiff can "plead that she maintains an interest in the product" and that "she would purchase the product in the future if it were properly labeled and did not contain non-natural ingredients" is completely inconsistent with her theory of liability, and with any injunctive relief that could actually issue in this case. Based on this lawsuit, Defendant could not be ordered to modify its manufacturing process to remove all unnatural ingredients from its products because Plaintiff has not alleged an injury from ingesting those ingredients. Instead, what could issue is an order enjoining Defendant from using the "All Natural" label on products with unnatural ingredients. But as Plaintiff admits, she is not interested in products with unnatural ingredients, and would not have purchased the Sunflower Dream Drink absent her interpretation of what the "All Natural" label meant. As such, she still would not purchase Defendant's products even if it was ordered to remove the "All Natural" label; the offensive unnatural ingredients would still be there. For these reasons, Plaintiff could not overcome the standing barrier even if

9
Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1 permitted leave to amend.

2 Defendant's motion to dismiss the request for injunctive relief will be granted. The
3 dismissal of this relief will be without leave to amend since allowing for amendment would be
4 futile under the circumstances. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393,
5 1401 (9th Cir. 1986).[3]

### C. Plausibility

The court now turns to whether Plaintiff's claims are plausible as pled. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Speculation will not suffice; allegations supporting claims must describe "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. Id. (quoting Twombly, 550 U.S. at 557).

The Ninth Circuit employs a two-step process for evaluating a pleading for plausibility:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014). "In all cases, evaluating a complaint's plausibility is a 'context-specific' endeavor that requires courts to 'draw on . . . judicial experience and common sense.'" Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting Eclectic Props., 751 F.3d at 995-96).

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus.

---

[3] Although Plaintiff seeks an order of dismissal without prejudice so that she may pursue injunctive relief in state court, such a clarification is actually unnecessary. A dismissal for lack of standing is in essence is a dismissal for lack of subject matter jurisdiction, which is always without prejudice. See Fleck & Assocs. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006).

10
Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

& Prof. Code § 17200. Similarly, the FAL prohibits "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. The two are related such that "'any violation of the false advertising law . . . necessarily violates' the UCL." Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002) (quoting Comm. on Children's Television, Inc. v. Gen. Foods Corp., 35 Cal. 3d 197, 210 (1983)). The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. To state a plausible claim under any of these consumer protection statutes, a plaintiff "must allege that Defendant's representations are likely to deceive a reasonable consumer." Red v. Kraft Foods, Inc., No. CV 10-1028-GW(AGRx), 2012 U.S. Dist. LEXIS 164461, at *6, 2012 WL 5502754 (C.D. Cal. Oct. 25, 2012) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)). A true representation can mislead a reasonable consumer if it is actually misleading or has the capacity, likelihood or tendency to deceive or confuse members of the public. Kasky, 27 Cal. 4th at 951.

Whether a product label is deceptive so as to mislead a reasonable consumer is normally a question of fact incapable of resolution on a motion to dismiss. Williams, 552 F.3d at 938-39. However, in certain "rare" cases, lack of deception can be found as a matter of law. See id., at 939; see also Williamson v. Apple, Inc., No. 5:11-cv-00377 EJD, 2012 U.S. Dist. LEXIS 125368, at *17-18, 2012 WL 3835104 (N.D. Cal. Sept. 2, 2012) (finding implausible as a matter of law plaintiff's theory that disregarded the "well-known fact of life that glass can break under impact.").

Citing district court orders in cases such as Figy v. Frito-Lay North America, Inc., No. 13-3988 SC, 2014 U.S. Dist. LEXIS 111732, 2014 WL 3953755 (N.D. Cal. Aug. 12, 2014), Kane v. Chobani, Inc., 973 F. Supp. 2d 1120 (N.D. Cal. 2014), and Pelayo v. Nestle USA Inc., 989 F. Supp. 2d 973 (C.D. Cal. 2013), Defendant argues that Plaintiff's mislabeling theory is implausible as a matter of law because Plaintiff failed to allege what a reasonable consumer would consider "natural" to mean and failed to identify why certain ingredients in the Sunflower Dream Drink are unnatural. Defendant, however, overlooks the portions of the FAC which provide that information

11
Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

with sufficient particularity. See FAC, at ¶ 23 ("A reasonable consumer would expect that a product labeled as 'All Natural' does not contain any artificial, synthetic or extensively processed ingredients."); ¶¶ 31-35 (explaining why tricalcium phosphate, xanthan gum, vitamin A palmitate, folic acid and vitamin D2 are unnatural ingredients). These allegations distinguish Plaintiff's pleading from the one examined in Figy, where the plaintiffs provided "no detail whatsoever about how or why the offending ingredients are unnatural," and Kane, where the plaintiffs failed to allege how "fruit and vegetable juice is somehow unnatural." Figy, 2014 U.S. Dist. LEXIS 111732, at *29; Kane, 973 F. Supp. 2d at 1137. Plaintiff's allegations are also distinct from those at issue in Pelayo, since there the plaintiff admitted that the same definition of "all natural" asserted in this case did not apply to mass-produced pasta not "springing fully-formed from Ravioli trees and Tortellini bushes." Pelayo, 989 F. Supp. 2d at 978. This argument is therefore rejected.[4]

Defendant also claims that other information on the Sunflower Dream Drink's label clarifies that the "All Natural" statement refers only to the sunflower seeds used to manufacture the product and does not refer to the naturalness of the product as a whole. This argument must also be rejected as a basis to find the allegations implausible as a matter of law. It cannot be confidently said, looking only at the label, that use of the word "natural" in other less prominent locations renders "it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived" by the "All Natural" statement placed conspicuously on the front of the product, independent of any reference to sunflower seeds. Williams, F.3d at 939. One does not have to suspend reality to understand what Plaintiff apparently concluded after examining the Sunflower Dream Drink: that a product bearing the unqualified statement "All Natural" does not include any unnatural ingredients.

---

[4] Defendant also suggests that since the Food and Drug Administration ("FDA") has not defined the word "natural," the word is too vague to be actionable. That argument is unpersuasive since the FDA's opinion on "natural" is not a commentary on whether or not use of the word on food labels would mislead a reasonable consumer operating under a common understanding of its meaning.

Finally, Defendant contends that any potential for misinterpretation of the "All Natural" statement on the front label of the Sunflower Dream Drink is remedied by the accurate ingredient list provided elsewhere on the product's label. This argument has some attractiveness because, as a matter of common sense, consumers like Plaintiff who are seriously concerned about the presence of unnatural ingredients in food products are unlikely to rely solely on one cursory representation touting a product's attributes without reviewing the list of ingredients. The Ninth Circuit, however, has recognized that a reasonable consumer is not "expected to look beyond misleading misrepresentations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." Id. Thus, at least on a motion to dismiss, the court cannot find as a matter of law that an accurate ingredient list excuses other allegedly misleading statements on a product's label. See id.

This is not one of those rare cases where the issue of deception can be adjudicated based solely on the pleadings. Because its arguments are unconvincing, Defendant's motion to dismiss for lack of plausibility will be denied.

### D.   Rule 9(b)

Defendant argues the FAC is insufficient to satisfy the heightened pleading standard promulgated by Rule 9(b) for two reasons. The court has already addressed the first reason and has found satisfactory the allegations describing what "All Natural" meant to Plaintiff and what was unnatural about the Sunflower Dream Drink.

The second reason, focusing on reliance, is equally uncompelling. Defendant believes the allegation that Plaintiff purchased the Sunflower Dream Drink "in reliance on Defendant's representation and omissions on the products' labels" is unspecific and leaves open the question of which "claims" or what other information on the label deceived Plaintiff. Not so. Had Defendant finished reading the paragraph it partially cited for this argument, it would have discovered that Plaintiff specifically identified the representation at issue is the "All Natural" statement on the front label. See FAC, at ¶ 37 ("Plaintiff purchased the Sunflower Dream Sunflower Drink

1 Unsweetened (Original) product in reliance on Defendants' representations and omissions on the
2 products' labels that the product was 'All Natural.'").  That is the whole point of this case.
3 Defendant need not engage in any guesswork to understand that because Plaintiff's allegations on
4 reliance are specific enough to provide Defendant notice of what conduct is at issue.
5 Consequently, the FAC is sufficient under Rule 9(b).

## IV.   ORDER

Based on the foregoing, Defendant's Motion to Dismiss (Docket Item No. 41) is GRANTED IN PART and DENIED IN PART.  It is granted as to Plaintiff's request for injunctive relief, which is DISMISSED WITHOUT LEAVE TO AMEND.  It is denied in all other respects.

Defendant shall file an answer to the FAC within 15 days of the date this order is filed. This case is scheduled for a Case Management Conference at **10:00 a.m. on May 21, 2015.**  The parties shall file a Joint Case Management Statement on or before **May 14, 2015.**

**IT IS SO ORDERED.**

Dated:  April 8, 2015



EDWARD J. DAVILA
United States District Judge

14
Case No.: 5:14-cv-03895-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS